APPEAL NOS. 76-343, 76-352, 76-422. HERBERT H. WALKER *v.* KAISER ALUMINUM & CHEMICAL CORP.*;* STEVEN MORAN *v.* KAISER ALUMINUM & CHEMICAL CORP.*;* LOUIS P. MAISANO *v.* KAISER ALUMINUM & CHEMICAL CORP. In these cases the Workmen's Compensation Commission proceeded on the theory that an employer's right to discontinue or suspend payment of weekly compensation benefits prior to the termination of the statutory maximum period for payment required:

(1) an order or decree in review proceedings commenced under G.L. 1956 (1968 Reenactment) §28-35-45;

(2) resort to the notice of intention to discontinue procedures set out in §§28-35-46 through 28-35-53 inclusive; or

(3) due execution of a suspension agreement and receipt.

The court desires further argument on the following questions:

(1) The authority for use of a suspension agreement and receipt for the accomplishment of the aforesaid purpose; and

(2) The availability of the same or other authority as a basis for discontinuing or suspending an employer's obligation to make further payments of weekly compensation benefits to an employee who has returned to his former employment at wages at least the equal of his preinjury average weekly earnings.

Briefs shall be filed by the employer on or before July 30, 1977, and by the employees within 20 days after those of the employer have been filed. The cases are assigned for oral argument to the first week of October 1977. *Lovett & Linder, Ltd., Raul L. Lovett,* for petitioners. *Quinn, Cuzzone & Geremia, Bruce Q. Morin,* for respondent.